Sarah HUSAIN et al., Plaintiffs–
Appellants,

v.

Marlene .SPRINGER, Defendant–
Appellee.

No. 15–127.

United States Court of Appeals,
Second Circuit.

Nov. 10, 2015.

Ronald Brian McGuire, New York, N.Y..

Andrew W. Amend (with Barbara D. Underwood and Steven C. Wu on the brief) for Eric T. Schneiderman, Attorney General of the State of New York, New York, N.Y.

PRESENT: DENNIS JACOBS,
GUIDO CALABRESI, and DEBRA ANN
LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Appellee Marlene Springer, the then-president at the College of Staten Island

("CSI") invalidated a student government election in 1997 because the student newspaper's endorsements of the winning slate of candidates violated the parity of campaign expenditures. That same year, former students who were on the student newspaper sued Springer and 25 others for alleged violations of the First Amendment.

In the last chapter of this protracted litigation, the district judge (Gershon, *J.*) reduced appellants' attorney's fees award after we concluded that appellants were entitled to attorney's fees but determined that the initial amount of this award was excessive and thus a remand for the limited purpose of diminishing this award was necessary. *See Husain v. Springer*, 579 Fed.Appx. 3, 5–6 (2d Cir.2014). Appellants, unsurprisingly unhappy with this development, now appeal the district judge's revised attorney's fees award, contending that the reductions imposed by the district judge were excessive.

The district court "has wide discretion in determining the amount of attorneys' fees to award; thus, absent an abuse of discretion or an error of law we will not disturb the district court's assessment of the appropriate fee award." *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir.1992). Here, the district court acted within the parameters of our mandate in reducing appellants' attorney's fee award based on a number of characteristics. J.A. 1383–85. In other words, the district court did precisely what we directed, which was "reduce the fee awarded in this case to a reasonable figure, which may well be significantly lower than that originally awarded by the district court." *Husain*, 579 Fed.Appx. at 7.

For the foregoing reasons, and finding no merit in appellants' other arguments, we hereby **AFFIRM** the judgment of the district court.